**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Cr. No. 18-26 (PJS/SER)**

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                              )<br>           Plaintiff,                )<br>                                              )<br>     v.                                     )<br>                                              )<br>TNUZA JAMAL HASSAN,         )<br>                                              )<br>           Defendant.              ) | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL** |

   Particularly in lengthy and complex litigation where significant Jencks Act material may be involved, it is appropriate for the Court to order disclosure prior to trial. United States v. Winchester, 407 F.Supp. 261,279 (D. Del. 1975); Cf. United States v. Achtenberg, 459 F.2d 91, 96(8th Cir. 1972). As noted in United States v. Percevault, 490 F.2d 126, 132 (2d Cir. 1974), the early disclosure of Jencks material not only serves the interest of the defendant but also helps to protect the government from post-conviction claims of unfair surprise or the suppression of exculpatory evidence.

   Although a literal reading of the Jencks Act does not require release of witness statements until the testimony of the witness is complete, the Act does not forbid early disclosure. This case involves a complicated investigation by the government, with a large amount of discovery already disclosed to the defense, with a significant additional discovery to follow. It is likely that this trial will take several weeks to try, with many government witnesses testifying. If early disclosure is not ordered by the Court, it is likely that prior to cross-examination of any such witness by the defense, a recess would be required to allow defense counsel to review the disclosures. Unless this motion is granted, there will be delays in the trial. Given the complexity

PDF created with pdfFactory trial version www.pdffactory.com

of the case, it is fair and just to require the government to disclose Jencks Act material 14 days prior to trial. The production of Jencks Act material should be ordered disclosed 14 days prior to trial so that counsel may digest same and prepare properly for trial rather than being inundated by disclosures shortly before trial.

It is dangerous to exaggerate the restrictions of §3500 "in disregard of the congressional aim of reaffirming the basic Jencks principle of assuring the defendant a fair opportunity to make his defense." Palermo v. United States, 360 U.S. 343, 365 (1959)(Brennan, J., concurring). After all, the Jencks Act was intended to guard against an inappropriate disclosure of "irrelevant and incompetent matter." Jencks Act Senate Report, No. 981, 85th Cong., Sess. (1862) (quoted in United States v. Gallo, 654 F. Supp. 463, 474 (E.D. N.Y. 1987). The Act does not apply to Brady material, nor to statements of the defendant, nor to statements of co-conspirators. Id., at 475. See, also, United States v. Konefal, 566 F. Supp. 698, 707 (N.D. N.Y. 1983); United States v. Turkish, 458 F. Supp. 874, 882 (S.D. N.Y. 1978, aff'd 623 F. 2d 769 (2d Cir. 1980)(government ordered to disclose all statements made during the course of and in furtherance of conspiracy for all co-conspirators whom the government does not intend to call as a trial witness).

Dated:  April 5, 2018                                   Respectfully submitted,

                                                           **SICOLI LAW, LTD.**

By:  /s/ Robert D. Sicoli
     Robert D. Sicoli, #178238
333 South Seventh Street, Suite 2350
Minneapolis, MN 55402
Telephone:  (612) 871-0708

By:  /s/ Joshua Johnson
     Joshua Johnson, #343377
7000 Flour Exchange Building
310 Fourth Avenue South
Minneapolis, MN 55415
Telephone:  (651) 785-5342

PDF created with pdfFactory trial version www.pdffactory.com