UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-26 (PJS/SER)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | GOVERNMENT'S RESPONSE |
| ) | TO DEFENDANT'S PRETRIAL |
| TNUZA JAMAL HASSAN, ) | MOTIONS |
| ) | |
| ) | |
| Defendant. ) | |

The United States Attorney, Gregory J. Brooker, by and through the undersigned Assistant United States Attorneys, Andrew R. Winter and Charles J. Kovats, Jr., hereby submits the government's response to defendant's pre-trial motions. The government reserves the right to present additional authority to the Court at the time of hearing on this matter as well as in further memoranda to be filed at the conclusion of the suppression hearing on this matter.

## RESPONSES TO DEFENDANT'S MOTIONS

**1.    Motion for Disclosure of Expert Witness Testimony [# 24]**

Defendant has requested the names and other relevant information for experts the government intends to present during the course of trial. With respect to expert witness disclosure, at this time, the government has not determined which expert witnesses it will call at trial. The government recognizes its obligations under Fed. R. Crim. Pro. 16(a)(1)(G) and will provide defendant with the notice required by the rule. .

**2.     Motion to Retain Rough Notes [# 25]**

Without conceding that any such notes are subject to discovery, the government agrees to retain all rough notes.

**3.     Motion for Early Disclosure of Jencks Statements [# 26]**

Defendant moves this Court to order the government to provide early Jencks information. This motion should be denied. Rule 16(a)(2) specifically excludes statements made by government witnesses from pretrial discovery, except as provided in the Jencks Act. The Jencks Act specifically states in relevant part:

> In any criminal prosecution brought by the United States no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness had testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). This language has been interpreted according to its terms. Although the United States may disclose such information prior to trial testimony by a witness, the United States cannot properly be required to do so. See, e.g., In re *United States*, 834 F.2d 283, 285 (2d Cir. 1987); *United States v. White*, 750 F.2d 726, 728-29 (8th Cir. 1984). Further, the established rule in this Circuit is that, ordinarily, the United States need not disclose Jencks Act material prior to the direct examination of the witness to whom the material pertains. *United State v. Green*, 151 F.3d 1111, 1115 (8th Cir.1998); *United States v. Wilson*, 102 F.2d 968, 971 (8th Cir. 1996); *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir.1992); *United States v. White*, 750 F.2d at 729.

Although not required to do so, the United States agrees to provide Jencks Act material to the defendant three (3) days prior to trial, as is the custom in this District.

**4.       Motion for Disclosure of 404(b) Information [# 28]**

Defendant seeks disclosure of 404(b) evidence 14 days prior to trial.  The government understands its duty to comply with Rule 404(b) in advance of trial, and it will comply with the notice requirements of the rule.  The United States proposes, as it has in many other cases, to provide notice of its intention to offer Rule 404(b) evidence seven (7) days prior to trial or upon learning of the existence of the evidence, whichever occurs later in time.

**5.       Disclosure of Brady/Favorable Evidence, Including Impeachment/Giglio Information and Promises to Witnesses  [# 29]**

The United States is aware of and has and will continue to comply with its obligations pursuant to *Brady v. Maryland, Giglio v. United States*, and their progeny.  The government does not object to defendants motions to comply its obligation with respect to *Brady, Giglio* and the Federal Rules of Criminal Procedure to the extent that such compliance is required by law.  The government agrees to provide this information to defendant no later than the time set for the disclosure of Jencks Statements or as soon as practicable after the government receives such information, whichever is later.  The government objects to defendant's motion to the extent that it is overbroad and seeks to compel the government to provide information not required.

**6.       Motion for Reconsideration of Detention Order [#  30]**

The defendant has filed a motion to reconsider this Court's order for detention pending trial.  The government opposes this motion and has filed a separate memorandum in opposition.  See Doc. # 34.

**9.     Motion for Continuance of Trial Date [# 31]**

The defendant has filed a motion to continue the trial date to no earlier than July 23, 2018. The government does not oppose this motion and believes the interests of justice would be served by granting the continuance requested.

**5.     Motion to Suppress Evidence Obtained as a Result of Search and Seizure**

This motion should be denied as there was probable cause for the searches conducted in this case. Consistent with discussions with opposing counsel during a "meet and confer" telephone conference, the following search warrant documents will be presented to the Court at the motions hearing for a "four corners" analysis:

   a. *Imaged copy of HTC cell phone* 17-mj-778 (TNL)

   b. *Apple laptop computer* 17-mj-779 (TNL)

   c. *BLU brand cellphone* 17-mj-790 (TNL)

   d. *YouTube* 17-mj-969 (BRT)

   e. *HTC cell phone* 18-mj-121 (TNL)

   f. *St. Catherine University email account* 18-mj-122 (TNL)

   g. *Tnuza.hassan@gmail account* 18-mj-123 (TNL)

    h. *Mailed package* 18-mj-131 (DTS)

    i. *Tnuza.hassan@gmail  email content* 18-26 (PJS/SER)

| | |
|---|---|
| Dated: April 12, 2018 | GREGORY J. BROOKER<br>United States Attorney<br><br>*s/ Andrew R. Winter*<br><br>BY: ANDREW R. WINTER<br>Assistant U.S. Attorney<br>Attorney ID No. 232531<br><br>*s/ Charles J. Kovats, Jr.*<br><br>BY:  CHARLES J. KOVATS, JR.<br>Assistant U.S. Attorney |