UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 18-CR-26 (PJS)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | PLEA AGREEMENT AND |
| Plaintiff, ) | SENTENCING STIPULATIONS |
| ) | |
| v. ) | |
| ) | |
| TNUZA JAMAL HASSAN, ) | |
| ) | |
| Defendant. ) | |

The United States of America and Tnuza Jamal Hassan (hereinafter referred to as "the defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charge**. The defendant agrees to plead guilty to Count 1 of the Indictment which charges the defendant with attempting to provide material support and resources, namely personnel, to *al-Qa'ida*, a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. The United States agrees to move to dismiss all remaining Counts at the time of sentencing; however, all of the defendant's conduct charged in the Indictment is relevant conduct under the Federal Sentencing Guidelines and can be considered by the Court under 18 U.S.C. § 3553(a) at the time of sentencing. The defendant is pleading guilty to this charge because she is guilty of this charge.

2. **Factual Basis and Stipulated Facts**. It is stipulated that the factual assertions contained in the Indictment are true and that a sufficient factual basis exists to

1

support the defendant's guilty plea. Moreover, the defendant agrees that the following facts are accurate and that the government has sufficient evidence to prove the following at trial:

    a.    In March of 2017, while a freshman student at St. Catherine University ("SCU"), the defendant drafted a letter encouraging others to join al-Qa'ida (AQ), and she anonymously delivered this letter to two other Muslim students at SCU for the purpose, in part, of recruiting those individuals to join AQ, a designated Foreign Terrorist Organization, with her. The defendant admits that during the ensuing investigation of the recruitment letter, she was questioned by law enforcement and falsely denied authoring or delivering the recruitment letter.

    b.    The defendant admits that on September 18, 2017, she purchased a round-trip airline ticket from Minneapolis/St. Paul International Airport ("MSP") to Dubai, United Arab Emirates. Approximately thirty (30) minutes after purchasing this ticket, she purchased another round-trip ticket from Dubai to Kabul, Afghanistan. The defendant admits that at the time she purchased these round-trip tickets, she had no intention of returning to the United States, but instead intended to travel from Dubai to Kabul, Afghanistan where she hoped to join al-Qa'ida (AQ).

    c.    The defendant admits that on September 19, 2017, she boarded a flight from MSP to Dubai, United Arab Emirates, without her family members' knowledge. The defendant admits that at the time of her attempted travel into Afghanistan, she was unaware of the requirement for a visa to enter Afghanistan and that her failure to secure a visa prevented her successful travel into that country.

    d.    The defendant admits that throughout the above-described events, she wanted to join AQ in order to provide material support to the terrorist organization in the form of personnel, to wit, herself. While the defendant did not plan to become a fighter, she intended to provide material support to AQ by other means. The defendant admits that she knew AQ was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism.

    e.    The defendant admits that upon her return to MSP in the United States, she provided false information to investigators from Customs and Border Protection and to members of the Federal Bureau of Investigation. Among several false statements made, the defendant specifically admits that she falsely denied authoring or delivering the recruitment letter described

2

above. However, defendant truthfully told the agents about the purpose of her attempted trip to Afghanistan, namely her desire to join AQ.

f. The defendant admits that on or about January 8, 2018, she left her Minneapolis home without her family's knowledge and thereafter lived in a SCU dorm lounge without the university's permission until January 17, 2018. The defendant admits that on January 17, 2018, she attempted to set several fires in buildings at SCU. Specifically, the defendant admits that she set fires in the following structures on the SCU campus:

1. Mendell Hall Dormitory;
2. Derham Hall;
3. CDC (Coeur de Catherine);
4. Fontbonne Hall;
5. St. Mary's Residence Hall; and
6. Butler Athletic Center.

g. The defendant admits that she attempted to burn the SCU buildings as a retaliatory act against the United States for its opposition to AQ in Afghanistan.

3. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries maximum statutory penalties of:

    a. twenty (20) years' imprisonment;

    b. a supervised release term of life;

    c. a criminal fine of $250,000; and

    d. a mandatory special assessment of $100, which is payable to the Clerk of Court prior to sentencing.

4. **Revocation of Supervised Release**. The defendant understands that, if she were to violate any condition of supervised release, she could be sentenced to an additional term of imprisonment pursuant 18 U.S.C. §3583(e).

5. **Guideline Sentencing Stipulations.** The defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. ' 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G."). The parties believe that the Guidelines Manual incorporating amendments effective November 1, 2016, applies in this case. The parties agree that the following calculations regarding the Guidelines will ultimately be determined by the Court.

    a.    Base Offense Level.
The parties agree that the applicable guideline section is section U.S.S.G. §2M5.3(a), which provides a base offense level of 26.

    b.    Specific Offense Characteristics.
The parties believe that no Chapter 2 specific offense characteristics apply.

    c.    Chapter 3 Adjustments.
The parties agree that the 12-level adjustment described at U.S.S.G. § 3A1.4(a) applies.

    d.    Acceptance of Responsibility. The parties agree that if the defendant (1) provides full, complete and truthful disclosures to the United States Probation Office, including providing complete, accurate and truthful financial information; (2) complies with all conditions of release; (3) testifies truthfully during the change of plea and sentencing hearings; (4) complies with this Agreement; and (5) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an additional one-level reduction under U.S.S.G. § 3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion.

The parties further agree that the facts of this case support no other specific offense characteristics or chapter three adjustments.

    e.    Total Offense Level.

> With the application of U.S.S.G. § 3A1.4, the adjusted offense level is 38, minus 3 points for acceptance of responsibility, if applicable, for a total offense level of 35.
>
> The Court will make the final determination of the total offense level.

 f. Criminal History Category.
The parties believe that because U.S.S.G. § 3A1.4 enhancement applies the defendant has a criminal history category of VI.

 g. Guidelines Range. The parties agree that if the adjusted offense level is 35 and the defendant's criminal history category is VI, the Guidelines range is 240 months' imprisonment, the statutory maximum sentence.

 h. Fine Range.
The parties agree that whether the total offense level is 35, the fine range is $40,000 to $400,000. U.S.S.G. § 5E1.2. There is no agreement as to the imposition of a fine or, if one is imposed, the amount of any such fine.

 i. Supervised Release.
The parties agree that the Sentencing Guidelines specify that, if a term of supervised release is ordered, the term of supervised release is 5 years to life. U.S.S.G. §§ 5D1.2(a)(2) and 5D1.2(b)(1).

 j. Departures:
The parties agree that the defense reserves its right to argue additional grounds for a downward departure or variance from the ultimate guideline determination in this case.

6. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable guidelines. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may

not withdraw from this Agreement and the defendant will be sentenced pursuant to the Court's determinations.

7. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. In this case, the defendant stands convicted of one-count and is required to pay $100.

8. **Forfeiture**. The government reserves its right to proceed against any of the defendant=s assets if said assets represent real or personal property involved in violations of the laws of the United States or are proceeds traceable to such property.

9. **FOIA Requests**. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.15.

10. **Complete Agreement**. The foregoing sets forth the full extent of the Plea Agreement and Sentencing Stipulations in the above-captioned case. There are no other agreements, promises, representations or understandings.

Dated:                                         ERICA H. MacDONALD
                                               United States Attorney

                                               ANDREW R. WINTER
                                               CHARLES J. KOVATS, JR.
                                               Assistant United States Attorneys

Dated: 08/25/2020

                                               TNUZA JAMAL HASSAN
                                               Defendant

Dated:                                         ROBERT SICOLI, Esq.
                                               Attorney for Defendant

Dated: 8-26-20

                                          JOSHUA JOHNSON, Esq.
                                          Attorney for Defendant

not withdraw from this Agreement and the defendant will be sentenced pursuant to the Court's determinations.

7. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. In this case, the defendant stands convicted of one-count and is required to pay $100.

8. **Forfeiture**. The government reserves its right to proceed against any of the defendant=s assets if said assets represent real or personal property involved in violations of the laws of the United States or are proceeds traceable to such property.

9. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.15.

10. **Complete Agreement**. The foregoing sets forth the full extent of the Plea Agreement and Sentencing Stipulations in the above-captioned case. There are no other agreements, promises, representations or understandings.

Dated: 8/26/2020

ERICA H. MacDONALD
United States Attorney

ANDREW R. WINTER
CHARLES J. KOVATS, JR. —CJK, Jr. by Andrew R. Winter
Assistant United States Attorneys

Dated: 08/25/2020

TNUZA JAMAL HASSAN
Defendant

Dated: 8/26/2020

_____
ROBERT SICOLI, Esq.
Attorney for Defendant

Dated:

_____
JOSHUA JOHNSON, Esq.
Attorney for Defendant

7